```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| DAVID TIMOTHY JOHNSON, | : | CIVIL ACTION NO. 05-4613 (MLC) |
| Appellant, | : | **MEMORANDUM OPINION** |
| v. | : | |
| WELLS FARGO BANK, N.A., | : | |
| Appellee. | : | |

**THE COURT** issued an order to show cause why the purported appeal should not be dismissed under (1) the domestic relations exception, (2) the Rooker-Feldman doctrine, or (3) the Younger abstention doctrine. (Dkt. entry no. 4.) This is a purported appeal by David Timothy Johnson, who appears pro se, from a September 15, 2005, order of the United States Bankruptcy Court, granting a motion to dismiss his case therein. (App. Not.)

### JOHNSON'S CLAIMS

A review of Johnson's submissions revealed that he:

> complains of bias, prejudice and discrimination I experienced in NJ Superior Court in Camden, NJ, that violate and deprive me of my constitutional rights with my child in violation of the Civil Rights Act of 1964, and unlawfully takes away over 1/2 of my social security disability benefits that forced me into bankruptcy in the first place. . . .
>
> [I have] suffered injury and extreme hardship as a result of Lillie Louella Howard, her attorneys and the judges' improper conduct and actions in NJ Superior Court in Camden . . . .
>
> Judge Michael Kassel, J.S.C., misapplied, ignored, or distorted existing legal doctrine or analytical standard in that case. Judge Kassel's credibility determinations

> are erroneous, i.e., the 'clear preponderance of all relevant evidence' demonstrates that the determination was incorrect.  Judge Kassel failed to address [my] particular remedial requests . . . .
>
> Judgment based on false premises is void.
>
> . . .
>
> [I request] to sue for damages . . . for what state actors did to my child and I as they continue to violate and deprive us of our constitutional rights.  [I seek] relief and damages for violation and deprivation of our constitutional rights, emotional distress and stealing of our disability benefits to give an appearance that I am behind in child support. . . .
>
> [I request] a full investigation and audit of my child support accounts and child custody plenary hearing trial in NJ Superior Court in Camden, New Jersey.

(10-4-05 Johnson Br., at 2-5 (as stated in original, except in brackets).)

Johnson seeks, <u>inter</u> <u>alia</u>, a "full investigation of [a certain] Child Support Account . . . and plenary hearing child custody trial in Family Division, New Jersey Superior Court in Camden County," and "removal of case from NJ Superior Court into Federal District Court of limited jurisdiction of [my] civil rights violation and deprivation complaint to join and sue named parties in this matter."  (<u>Id.</u> at 7.)

Johnson apparently has appealed from a state-court order or judgment concerning the issues raised here, as he states that he "is still completing a brief for Appellate Division of Superior Court of NJ regarding this matter." (10-4-05 Johnson Designation, at 3.  <u>See</u> 10-4-05 Johnson Br., at 3 (stating "Appellate Court of

New Jersey Superior Court granted [me] relief to proceed as an indigent in this matter on 9-16-04" and "Supreme Court of New Jersey granted relief to [me] to relax copy requirements on 3-10-05").)

Johnson argues further that his "civil rights were violated in the NJ Superior Court in Camden concerning child custody" (10-4-05 Johnson Designation, at 2), and he:

> filed a violation of civil rights complaint on 2-2-2004, against Lillie L. Howard, et al., in the Federal District Court, Honorable Joseph E. Irenas, presiding, that was subsequently dismissed for lack of subject matter jurisdiction . . . . [I request] to re-open/reinstate or renew civil rights complaint under indigency for the same continuing problem and reasons and join those parties to this case for relief, damages and punitive damages.

(Id. at 2-3.  See 10-4-05 Johnson Br., at 2-3 (stating he paid "$150.00 to attempt to file violation of civil rights complaint on 2-5-04," and he is "try[ing] again to have the Federal District Court gain jurisdiction over this matter").)  It appears that Johnson's complaint in a separate action brought in federal court — apparently seeking relief concerning the aforementioned state-court matters — was dismissed for lack of jurisdiction.  See Johnson v. Howard, Civil Action No. 04-437 (JEI).

## JURISDICTION

Johnson, although couching the relief he seeks here in terms of an appeal from a Bankruptcy Court order, "plainly seeks to void or overturn adverse rulings entered in the [child-support and]

3

child-custody litigation by the [New Jersey Superior] Court."
McAllister v. Allegheny County Family Div., No. 04-3197, 128
Fed.Appx. 901, 902 (3d Cir. Apr. 20, 2005).

This Court lacks jurisdiction over a domestic relations
matter involving child support and child custody. Ankenbrandt v.
Richards, 504 U.S. 689, 702-04 (1992); see Galtieri v. Kane, No.
03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating court has
no jurisdiction over domestic relations matter even when
complaint drafted in tort, contract, "or even under the federal
constitution"; relying on Allen v. Allen, 48 F.3d 259, 262 n.3
(7th Cir. 1995), which states exception's goal "is equally
strong, if not stronger, in the instant, non-diversity dispute
[involving] a tug-of-war over a little girl"). Thus, the Court
was concerned that Johnson's purported appeal should be dismissed
under the domestic relations exception to federal jurisdiction.

This Court also lacks jurisdiction over claims that were — or
could have been — raised in state proceedings, where the losing
party may seek review through the state appellate process and, if
warranted, certiorari to the United States Supreme Court. D.C.
Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker
v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). A losing party may
not "seek[] what in substance would be appellate review of the
state judgment in a United States district court, based on the
losing party's claim that the state judgment itself violates the

4

loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Thus:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Stated another way, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

McAllister, 128 Fed.Appx. at 902 (cites and quotes omitted). The Court was concerned that (1) Johnson is subject to a state-court order or judgment concerning child custody and child support, and (2) this purported appeal should be dismissed under the Rooker-Feldman doctrine because he can raise his claims — and seek review of any order or judgment — in state court, or through the appropriate state appellate process and, if warranted, certiorari to the United States Supreme Court. See McAllister, 128 Fed.Appx. at 902 (affirming order dismissing claims concerning child custody matter, as relief sought "can only be predicated upon a finding that the state court has made incorrect factual and legal determinations in entering its orders"); see also Knapper v. Bankers Tr. Co., 407 F.3d 573, 581-82 (3d Cir. 2005) (stating federal court lacks jurisdiction pursuant to Rooker-Feldman doctrine over federal claim, brought initially in United States Bankruptcy Court, seeking to set aside judgment of foreclosure entered in state court).

5

This Court also should abstain from exercising jurisdiction in an action when there are ongoing state proceedings implicating important state interests, and there is an adequate opportunity to raise federal claims therein. <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982); <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). The Court was concerned that (1) Johnson is involved in ongoing child support and child custody proceedings, particularly as he is prosecuting an appeal in state court, and (2) the purported appeal before this Court should be dismissed under the <u>Younger</u> abstention doctrine. <u>See</u> <u>Anthony v. Council</u>, 316 F.3d 412, 418-21 (3d Cir. 2003) (concerning action brought by persons subject to state court orders on child support).[1]

### JOHNSON'S RESPONSE

The Court has carefully reviewed Johnson's response to the order to show cause. (<u>See</u> Civil Action No. 05-4020 (MLC), dkt.

---

[1] It appears Johnson's claims — in view of the disposition of his earlier federal action — also are barred by the doctrines of res judicata and collateral estoppel. Johnson's apparent claims against certain state-court judges also would be barred, as judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978); <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 440 (3d Cir. 2000).

entry no. 7.)[2]  It is not persuasive.  Thus, the Court will dismiss the appeal pursuant to (1) the domestic relations exception to federal jurisdiction, and (2) the Rooker-Feldman doctrine.  In light of the aforementioned disposition, the Court need not rely on the Younger abstention doctrine.  The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

---

[2]  The Court, in line with the plaintiff's intentions, has considered his papers filed in response to an order to show cause in a related appeal.  (See dkt. entry no. 1-5, Stmt. (stating both appeals should be "heard together"); see also Civil Action No. 05-4020 (MLC), dkt. entry no. 4, Designation, at 3 (treating appeals as being consolidated).)